UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF GULF INLAND CONTRACTORS, INC., AS OWNER AND OPERATOR OF THE M/V BIG HORN AND BARGE CHELSEA A FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>No. 22-2453<br><br>SECTION: "J"(4) |

## ORDER & REASONS

Before the Court is Petitioner, Gulf Inland Contractors, Inc., ("Gulf Inland")'s *Motion for Summary Judgment Dismissal of Claims for Unseaworthiness* **(Rec. Doc. 87)**, Claimants, Terrebonne Parish Consolidated Government ("TPCG"), Terrebonne Levee and Conservation District ("TLCD"), and TLCD's subrogated insurer, Great American Insurance Company, (Great American) (hereinafter referred to collectively as "Claimants")'s opposition (Rec. Doc. 93), and Gulf Inland's reply (Rec. Doc. 149). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Gulf Inland's motion should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from an alleged vessel allision that occurred on April 15, 2022 between the tug M/V BIG HORN and barge CHELSEA A, owned by Gulf Inland, and the Bayou Terrebonne Miter Gate Lock System ("Lock System"), owned by TPCG and TLCD. The parties' statement of uncontested facts provide that on April 15, 2022, the

M/V BIG HORN and barge CHELSEA A was transiting Bayou Terrebonne when it allegedly allided with a section of the Lock System. Subsequently, Gulf Inland filed a Petition for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501, *et seq.* TLCD and TPCG jointly filed a claim and answer to Gulf's Inland's Petition, alleging, in part, that Gulf Inland is legally liable to each of them "based on negligence and/or unseaworthiness." (Rec. Doc. 9, at 6 ¶ 34). Likewise, Great American, as the subrogated property insurer of TPCG, filed a claim and answer to Gulf Inland's petition, alleging, in part, that Gulf Inland is legally liable "as a result of negligence and unseaworthiness." (Rec. Doc. 47, at 8 ¶ 7). Gulf Inland has filed this instant motion for partial summary judgment to dismiss Claimants' claims of unseaworthiness. The motion is now before the Court on briefs and without oral argument.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but

a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

## DISCUSSION

Gulf Inland argues Claimants may not assert a claim for unseaworthiness because the warranty of seaworthiness is not owed to owners or insurers of marine structures damaged by a vessel. Claimants acknowledge that they are not owed a warranty of unseaworthiness, but argue that the seaworthiness of the M/V BIG HORN AND CHELSEA A is relevant to whether Gulf Inland failed to exercise reasonable care.

The Court finds General Maritime Law governs this case. This incident occurred on a navigable waterway and involved a vessel. *Thompson v.* Houma, 76 F.2d 793, 795 ("Bayou Terrebonne is a navigable waterway). Under maritime law,

"[a] shipowner has an absolute nondelegable duty to provide a seaworthy vessel." *Brister v. A.W.I., Inc.*, 946 F.2d 350, 355 (5th Cir. 1991). Seaworthiness is predicated without regard to fault or the use of due care. *Id.* Accordingly, the issue of seaworthiness is treated like a breach of warranty, *i.e.*, strict liability, rather than the narrower duty-breach inquiry for negligence. *See id.*

As the parties agree, Claimants are not owed a duty of seaworthiness because owners of a marine structure do not fall within the narrow class of persons owed the warranty of seaworthiness. *Hancock v. Higman Barge Lines*, No. 16-14998, 2017 WL 3582433, Inc., at *2 (E.D. La. August 18, 2017) (citations omitted) ("warranty is 'owed to a narrow class of maritime workers. . .'"). Therefore, Gulf Inland is entitled to summary judgment on this issue. The Court dismisses the claims of Claimants to the extent they assert a violation of a duty of seaworthiness. This order shall not prevent Claimants from arguing that Gulf Inland failed to exercise reasonable care with regard to the condition of the vessel and barge; and facts relating to the condition of the M/V BIG HORN and barge CHELSEA A, in this case, must be measured under the standard of reasonable care.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Gulf Inland's *Motion for Summary Judgment Dismissal of Claims for Unseaworthiness* **(Rec. Doc. 87)** is **GRANTED.**

**IN IS FURTHER ORDERED** that Claimants' claim against Gulf Inland based upon the duty of seaworthiness are **DISMISSED.**

New Orleans, Louisiana, this 13th day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

5