UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT OF GULF INLAND CONTRACTORS, INC., AS OWNER AND OPERATOR OF THE M/V BIG HORN AND BARGE CHELSEA A FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION

No. 22-2453

SECTION: "J"(4)

## ORDER & REASONS

Before the Court are Gulf Inland Contractors, Inc. ("Gulf Inland")'s *Motion for Summary Judgment Dismissal of Claims for Attorney's Fees and Non-Pecuniary Damages* **(Rec. Doc. 88)** and Terrebonne Parish Consolidated Government ("TPCG")'s opposition **(Rec. Doc. 97)**. Terrebonne Levee and Conservation District ("TLCD") did not file an opposition to Gulf Inland's motion. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Gulf Inland's motion should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from an alleged allision between the tug M/V BIG HORN and barge CHELSEA A, owned by Gulf Inland, and the Bayou Terrebonne Miter Gate Lock System ("Lock System" or "Lock"), owned and operated by TPCG and TLCD. On April 15, 2022, the M/V BIG HORN and barge CHELSEA A were transiting Bayou Terrebonne when it allegedly allided with a section of the Lock System.

Prior to the filing of the limitation proceeding, TPCG contacted Gulf Inland for its insurer's information, Clear Spring Property and Casualty Company ("Clear Spring"). TPCG had direct discussions and a production of documents with Clear Spring, through its adjusters, until Gulf Inland filed a Petition for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501, et seq. TPCG, TLCD, and Great American, as partial subrogee for TPCG, (herein, collectively referred to as "Claimants") made claims in Gulf Inland's limitation action. (Rec. Docs. 9, 47). Clear Spring was made a third-party defendant. TLCD and TPCG served amended Rule26(a)(1)(A)(iii) disclosures, in which both seek attorney's fees and penalties, general damages and/or special damages for Gulf Inland's insurer or Clear Spring's alleged failure to timely pay TPCG's property damage pursuant to La. Stat. Ann. § 22:1973 and La. Stat. Ann. § 22:1892. (Rec. Doc. 97-1, at 1). These claims arise under the Louisiana Insurance Code. La. Stat. Ann. § 22:1–2657 (2024).

Gulf Inland filed this instant motion for partial summary judgment to dismiss TPCG's and TLCD's claims for attorney's fees and claims for penalties under the Louisiana Insurance Code. In TPCG's opposition, TPCG states it is not seeking penalties or attorney's fees from Gulf Inland, but of Gulf Inland's insurer, Clear Spring.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

2

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

## **DISCUSSION**

The issue between the parties is whether TPCG can seek recovery for attorney's fees and claims for penalties, arising under the Louisiana Insurance Code, against Clear Spring. Gulf Inland argues (1) attorney's fees are not permitted under

the General Maritime Law; and (2) TPCG's claims for penalties, arising under the Louisiana Insurance Code, are non-pecuniary in nature, and therefore, are also not recoverable under General Maritime Law.

TPCG responds that it is entitled to penalties and attorney's fees from Clear Spring for its alleged bad faith in handling TPCG's claim. TPCG contends that Gulf Inland's insurer, Tallisman Casualty Insurance Company, LLC, on behalf of Clear Springs, (1) failed to comply with Louisiana law concerning the adjustment of its claim; and (2) failed to make a good faith settlement offer on the property damage claim after receiving satisfactory proof of loss. (Rec. Doc. 97, at 1).

This case is governed by General Maritime Law. Regarding attorney's fees, the general rule in admiralty is that attorney's fees are not recoverable by the prevailing party. Pursuant to the "American Rule" in the United States, the prevailing litigant is ordinarily not entitled to collect attorney's fees from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975); *see also Delta Steamship Lines, Inc. v. Avondale Shipyards, Inc.,* 747 F.2d 995, 1011 (5th Cir.1984) ("The general rule in admiralty is that attorney's fees are not recoverable by the prevailing party"). Generally, litigants must pay their own attorney's fees absent statute or enforceable contract.

Here, the Court finds that TPCG's claim for attorney fees arising under the Louisiana Insurance Code would present an obvious conflict between the general maritime rule precluding recovery of attorney's fees and Louisiana's state law rule allowing recovery of fees. The Fifth Circuit has recognized the threat to uniformity

that such a conflict would create and has thus held that state law attorney's fee statutes cannot trump the general maritime "American Rule" barring recovery of fees. *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 406 (5th Cir. 2003). Therefore, an award of attorney's fees are not available to TPCG or TLCD in this matter against Gulf Inland's insurer or Clear Spring.

Regarding non-pecuniary damages, the Court finds that the damages for penalties for "bad faith" claims handling pursuant to La. Stat. Ann. § 22:1973 and La. Stat. Ann. § 22:1892 that TPCG seek to recover from Gulf Inland's insurer, Clear Spring, are not available. As this case is exclusively governed under general maritime law, Louisiana's state law is not applicable in the instant case to either Gulf Inland or Clear Spring.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **GRANTED.**

New Orleans, Louisiana, this 17th day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE