UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE
COMPLAINT OF GULF
INLAND CONTRACTORS,
INC., AS OWNER AND
OPERATOR OF THE M/V BIG
HORN AND BARGE CHELSEA
A FOR EXONERATION FROM
OR LIMITATION OF
LIABILITY

CIVIL ACTION

No. 22-2453

SECTION: "J"(4)

## ORDER & REASONS

Before the Court are Gulf Inland Contractors, Inc. ("Gulf Inland")'s *Motion for Summary Judgment Dismissal of Claims for Purely Economic Damages* **(Rec. Doc. 89)** and Terrebonne Levee and Conservation District ("TLCD")'s opposition **(Rec. Doc. 96)**.[1] Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Gulf Inland's motion should be **DENIED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from an alleged allision between the tug M/V BIG HORN and barge CHELSEA A, owned by Gulf Inland, and the Bayou Terrebonne Miter Gate Lock ("Miter Gate"), which was owned and built by Terrebonne Parish Consolidated Government ("TPCG"). The Miter Gate was positioned on the bayou in a location just

---

[1] TLCD's opposition is deficient because the statement of material facts was not provided as required by LR56.2. The Court sent a Notice of Deficient Document on October 11, 2023, requiring TLCD to take corrective action to refile the document in its entirety within seven calendar days or October 18, 2023, otherwise, it may be stricken by the court without further notice. TLCD never corrected this deficiency by refiling its opposition. Pursuant to LR 56.2, all material facts in Gulf Inland's statement will be deemed admitted for purposes of this motion.

upstream of TLCD's existing flood gate, the Bayou Terrebone Sector Gate ("Sector Gate"). The Miter Gate and Sector Gate comprise the lock system. The Miter Gate is owned by TPCG, but TLCD is responsible for operating and maintaining the Miter Gate, along with the Sector Gate.

On April 15, 2022, the M/V BIG HORN and barge CHELSEA A were transiting Bayou Terrebonne when it allided with the Miter Gate. Subsequently, Gulf Inland filed a Petition for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501, et seq. TPCG, TLCD, and Great American, as partial subrogee for TPCG, (herein, collectively referred to as "Claimants") made claims in Gulf Inland's limitation action. (Rec. Docs. 9, 47).

TLCD and TPCG jointly served amended Rule26(a)(1)(A)(iii) disclosures, in which each entity seeks to recover damages associated with the repair. Relevant to the instant motion, TLCD seeks economic damages for (1) engineering costs; (2) cost of repairs to the Miter Gate; (3) costs associated with retrieving and backing up security footage; and (4) payment of wages of TLCD employees and administration costs.[2] Gulf Inland filed this instant motion for partial summary judgment to dismiss TLCD's claims for purely economic damages, pursuant to *Robins Dry Dock*. *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as

---

[2] TLCD admits that it cannot "double-dip" to recover the same damages claimed by TPCG. (Rec. Doc. 89-3, at 3).

to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

## **DISCUSSION**

The issue between the parties is whether TLCD has a proprietary interest in the Miter Gate, making it determinative of TLCD's recovery of economic damages

pursuant to *Robins Dry Dock*. Gulf Inland argues that TLCD has no proprietary interest in the Miter Gate because TLCD  (1) did not build the Miter Gate; (2) has no ownership interest in the Miter Gate; and (3) did not insure the Miter Gate nor sign the subrogation receipt for proceeds paid to TPCG by its insurer, Great American Insurance Co. (Rec. Doc. 89-1, at 3). TLCD responds that it does have a proprietary interest in the Miter Gate because (1) it is responsible for repairing damages to the Miter Gate; (2) it is responsible to maintain the Miter Gate; (3) and it operates the Miter Gate with actual physical possession. (Rec. Doc. 96, at 4).

The Fifth Circuit's en banc decision in *State of Louisiana ex rel. Guste v. M/V Testbank* "reviewed and reaffirmed the 'prevailing' maritime rule that 'denie[s] a plaintiff recovery for economic loss if that loss resulted from physical damage to property in which he had no proprietary interest.'" *In re Bertucci Contracting Co.*, 712 F.3d 245, 246 (5th Cir.2013) (quoting *Testbank*, 752 F.2d at 1022). Stated another way, the rule of *Robins Dry Dock* bars "recovery of purely economic claims absent physical injury to a proprietary interest in a maritime negligence suit." *Id.* at 247 (quotations and citations omitted). However, a plaintiff need not own property to have a "proprietary interest." *See State of Veracruz v. BP, P.L.C. (In re Deepwater Horizon)*, 784 F.3d 1019, 1026 (5th Cir. 2015) ("The *Robins Dry Dock* Court itself, however, intimated that something perhaps just shy of outright ownership might suffice to show the requisite proprietary interest."). If not the owner, a plaintiff must be "tantamount to an owner" to have sufficient "proprietary interest" to recover. *Plains Pipeline, L.P v. Great lakes Dredge & Dock Co.*, 620Fed. Appx. 281, 285 (5th Cir. 2015)

(citations omitted).  Additionally, the "type of proprietary interest that falls outside the rule and justifies recovery depends not on formalistic state law property doctrines but on a functional analysis of whether the claimant had possession and sufficient control of the property." Thomas J. Schoenbaum, *Admiralty & Maritime Law* § 14-8 (6th ed. 2023).

The Court finds that there is a genuine issue of material fact as to whether TLCD has a proprietary interest in the Miter Gate. Although TLCD has no ownership interest, TLCD is responsible for the repairs, maintenance, and operation of the Miter Lock, as well as the Sector Gate. Additionally, it employs personal for its operation and maintains a degree of control and possession of the Miter Gate.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **DENIED.**

New Orleans, Louisiana, this 18th day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE