UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF GULF INLAND CONTRACTORS, INC., AS OWNER AND OPERATOR, INC., AS OWNER AND OPERATOR OF THE M/V BIG HORN AND BARGE CHELSEA A FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>No. 22-2453<br><br>SECTION: "J"(3) |

## ORDER & REASONS

Before the Court are Clear Spring Property and Casualty Company ("Clear Spring")'s *Motion to Dismiss Direct Action Claims Against Unnamed Reinsurers Asserted in Great American Insurance Company's Third Party Complaint* **(Rec. Doc. 135)**, Great American Insurance Company ("Great American")'s opposition (Rec. Doc. 141), and Clear Spring's reply (Rec. Doc. 151). Having consider the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED AS PREMATURE**.

### FACTS AND PROCEDURAL BACKGROUND

This case arises out of an alleged allision between a vessel and tug, owned by Gulf Inland Contractors, Inc. ("Gulf Inland") and the Bayou Terrebonne Miter Gate Lock System, owned by Terrebonne Parish Consolidated Government ("TPCG") and operated by Terrebonne Levee and Conservation District ("TLCD").

Relevant to this instant motion, Gulf Inland subsequently filed a Complaint for Limitation of Liability, pursuant to the 46 U.S.C. § 30501, *et seq*. The Court approved the ad interim stipulation of value for the tug and barge in the amount of $730,000 and a Letter of Undertaking issued by Clear Spring, Gulf Inland's insurer. (Rec. Doc. 5). Great American filed a Claim and Answer in Gulf Inland's limitation of liability action as the subrogated property insurer of TPCG. (Rec. Doc. 47).

As TPCG's subrogated insurer, Great American also filed a Third Party Complaint pursuant to the Louisiana Direct Action Statute, La. R.S. 22:1269, against Clear Spring. (Rec. Doc. 135-1, at 3). In the Third Party Complaint, Great American additionally alleges direct action claims against Clear Spring's unnamed reinsurers, who are identified by Great American as "Reinsurers A-Z." (*Id.*).

Pursuant to Fed. R. Civ. Pro. 12(b)(6), Clear Spring files this motion to move the Court for judgment dismissing the Third Party Complaint of Great American Insurance Company, against the unnamed reinsurers of Clear Spring, on the basis that the Louisiana Direct Action Statute "simply" does not allow a direct action by a claimant against reinsurers. (Rec. Doc. 135-1, at 2). Great American responds that Clear Spring's motion should be denied as premature because Clear Spring has not produced its reinsurance agreement.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

In support of its position that the Louisiana Direct Action Statute does not apply to reinsurers, Clear Spring cites *Arrow Trucking Co. v. Continental Ins. Co.*, 465 So. 2d 691 (La. 1985).

In *Arrow Trucking Co.*, the Louisiana Supreme Court held that an insured or a substantive third party beneficiary generally may not sue an insurer's reinsurers directly whether under the Louisiana Direct Action Statute, La. R.S. §22:665,[1] or otherwise. *Arrow*, 465 So. 2d at 692. However, the court explained a few exceptions. *Id.* at 698, 700-01. One exception is when the reinsurance agreement is a contract for

---

[1] La. R.S. 22:655 was reenacted as La. R.S. 22:1269.

liability rather than for loss (*i.e.,* indemnity). *Id.*at 698. The *Arrow Trucking Co.* court stated

> [I]f the reinsurance contract reflects the reinsurer's intent to become directly obligated to the original insured (as is often the case with a reinsurer taking over the policies and assets of an insolvent insurer), then the original insured may pursue his action directly against the reinsurer.

*Id.* at 695.

Although the *Arrow Trucking Co.* held that reinsurance agreement at issue in the case did not make the insured a third party beneficiary of the contract, the court held

> Where there is language in a reinsurance agreement indicating that the reinsurer is agreeing 'to assume and carry out directly with the policyholder any of the policy obligations of the ceding insurer' then the result will be different.

*Id.* at 701. Therefore, the Court finds that the *Arrow Trucking Co.* court did not preclude the possibility that a reinsurance agreement could stipulate benefit for a third party. Thus, Clear Spring's argument that its unnamed reinsurers are outside the scope of the Louisiana Direct Action Statute has no merit.

The determination of whether Great American can name Clear Spring's reinsurers in a direct action is dependent on whether the contract, between Clear Spring and its reinsurers, is a contract of indemnity or a contact of liability. (Rec. Doc.

141, at 5). "The provisions of the reinsurance agreement are of course critical to a determination of the parties' rights under the agreement." *Arrow Trucking Co.*, at 465 So. 2d 697. The record reflects that Clear Spring has not attached to this instant motion the determinative provisions of its reinsurance agreement between itself and its reinsurers. The Court, therefore, cannot determine whether Clear Spring's reinsurance agreement is a contract of liability or indemnity. Thus, this instant motion it premature.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **DENIED, without prejudice,** as premature.

New Orleans, Louisiana, this 1st day of October, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE