UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT OF GULF INLAND CONTRACTORS, INC., AS OWNER AND OPERATOR OF THE M/V BIG HORN AND BARGE CHELSEA A FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION

NO. 22-2453

SECTION: "J" (3)

**ORDER AND REASONS**

Before the Court a motion (R. Doc. 176) filed by Third-Party Defendant Clear Spring Property and Casualty Company ("Clear Spring") to file under seal certain exhibits to Clear Spring's pending motion to dismiss.[1] Third-Party Plaintiff Great American Insurance Company ("Great Insurance") opposes the Motion to Seal.[2] Clear Spring has filed a reply memorandum in its support.[3] Having carefully considered the parties' briefing and the documents at issue, along with the record and applicable law, the Court will grant Clear Spring's Motion.

Clear Spring has designated the Reinsuring Agreement Exhibits A–D at Bates numbers CS000636–768 (the "Reinsuring Agreements") as confidential under the Joint/Consent Protective Order.[4] The discoverability of the unredacted Reinsuring Agreements remains contested in Great American's pending motion to compel[5] and

---

[1] R. Doc. 167.
[2] R. Doc. 189.
[3] R. Doc. 190.
[4] R. Doc. 45.
[5] R. Doc. 158.

1

Clear Spring's pending motion to quash.[6] But Clear Spring has produced them in redacted form and seeks to file them under seal as exhibits to support its pending motion to dismiss. Great American objects to sealing the Reinsuring Agreements, but most of its arguments challenge Clear Spring's failure to produce unredacted versions of the Reinsuring Agreements. Great American asserts the redacted information is discoverable and necessary for the District Judge to assess Clear Spring's motion to dismiss.[7] These arguments may be relevant to a motion to compel or an opposition to the motion to dismiss, but they do not address the separate issue of whether the redacted Reinsuring Agreements should be filed under seal.[8]

As Clear Spring points out, jurisprudence recognizes reinsuring agreements as "commercially sensitive information which shall be protected from disclosure beyond the bounds of the instant litigation and produced subject to a protective order to be executed by the parties." *Wilson v. Aegis Sec. Ins.,* No. CV 07-7097, 2008 WL 11354987, at *1 (E.D. La. July 16, 2008). The Court finds no reason to depart from that approach in this case. Accordingly, it will grant Clear Spring's Motion to Seal. The Court, however, is not ruling at this stage on whether: (1) the redacted

---

[6] R. Doc. 181.
[7] R. Doc. 189 at 3–7.
[8] The Court recognizes that Local Rule 5.6 states, in pertinent part, that "[a]n attorney electronically filing a document or other tangible item under seal must serve opposing counsel and any unrepresented parties with the unredacted document or tangible item by means other than the court's electronic filing system, as no service of sealed filings occurs via the court's CM/ECF system." This provision cannot be read to require a party to produce information that, as here, has not yet been determined to be discoverable.

Reinsuring Agreements are appropriate support for the motion to dismiss, (2) the redacted information is discoverable; nor (3) the pending motions to compel and/or to quash are meritorious.

Accordingly, and for these reasons;

**IT IS ORDERED** that the Motion to Seal (R. Doc. 176) is **GRANTED** and that the four Reinsuring Agreements shall be filed into the record of the above-captioned matter as exhibits to Clear Spring's pending Motion to Dismiss[9] **UNDER SEAL** until further order of this Court.

New Orleans, Louisiana, this 30th day of October, 2024.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[9] R. Doc. 167.