UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF GULF INLAND CONTRACTORS, INC. | CIVIL ACTION<br><br>NO. 22-2453<br><br>SECTION: "J" (3) |

**ORDER AND REASONS**

Before the Court are two related motions. In the first (R. Doc. 158), Third-Party Plaintiff Great American Insurance Company ("Great American") asks the Court to compel Third-Party Defendant Clear Spring Property and Casualty Company ("Clear Spring") to respond more fully to its subpoena duces tecum relative to reinsurance agreements. In the second (R. Doc. 181), Clear Spring asks the Court to quash deposition subpoenas and subpoenas duces tecum served on two non-party insurance executives from whom Great American seeks similar information.[1] Both motions are opposed.[2] Having carefully considered the parties' briefing and the record of this matter in the light of the applicable law, the Court will grant in part and deny in part both motions (R. Docs. 158 & 181).

**I.  Background**

Gulf Inland Contractors, Inc. ("Gulf Inland") filed this action for limitation of liability[3] after an alleged allision between its vessel and barge and the Bayou Terrebonne Miter Gate Lock System, owned by the Terrebonne Parish Consolidated

---

[1] *See* R. Docs. 158-1 at 8–10, 169-4–5.
[2] *See* R. Docs. 171, 222, 231.
[3] *See* 46 U.S.C. § 30501, *et seq.*

Government.[4] The District Court approved the ad interim stipulation of value for the vessel and barge in the amount of $730,000 and a Letter of Undertaking issued by Gulf Inland's insurer, Clear Spring.[5] As the subrogated property insurer of the Terrebonne Parish Consolidated Government, Great American filed a claim and answer in this action.[6] Great American also filed a third-party complaint against Clear Spring and Clear Spring's reinsurers under the Louisiana Direct Action Statute, La. R.S. § 22:1269.[7] The discovery underlying the pending motions relates to that third-party complaint.

The District Court denied Clear Spring's first motion[8] to dismiss the claims against its reinsurers.[9] Great American moved to compel disclosure of Clear Insurer's reinsurance agreements and related documents.[10] Before that motion could be addressed, however, Clear Spring filed a second motion to dismiss the claims against its reinsurers,[11] a motion to stay discovery,[12] and the instant motion to quash.[13] The District Court denied Clear Spring's motion to dismiss and concluded there was no good cause to stay discovery.[14] Accordingly, the Court turns to the pending motion to compel and motion to quash.

---

[4] R. Doc. 1.
[5] R. Doc. 5.
[6] R. Doc. 47.
[7] R. Doc. 129.
[8] R. Doc. 135.
[9] R. Doc. 165.
[10] R. Doc. 158.
[11] R. Doc. 167.
[12] R. Doc. 169.
[13] R. Doc. 181.
[14] R. Docs. 215, 216.

**II.     Discussion**

As explained by the District Court, the "determination of whether Great American can name Clear Spring's reinsurers pursuant to Louisiana's Direct Action Statute is dependent on whether Clear Spring's reinsurance agreements with its reinsurers are contracts of indemnity or contacts of liability."[15] The District Court held the redacted versions of the reinsurance agreements that Clear Spring provided inadequate to answer this question.[16] It stated that Great American "put forth a compelling argument" that the redacted agreements did not represent "the complete structure of Clear Spring's reinsurance."[17] It specifically observed that Clear Spring is possibly acting as a 'fronting' insurance company, under which it "may issue policies on behalf of another company but retain limited or no actual risk."[18] Thus, the Court explained, there are "questions regarding the nature of Clear Spring's role and whether it is the true party responsible for the policies' obligations" and that Clear Spring's redactions thus "leave[] the Court and Great American without a complete understanding of the underlying risk allocation arrangement."[19] "Without such an understanding of the "full scope of the reinsurance structure and Clear

---

[15] R. Doc. 216 at 5.
[16] *Id.* at 6–7.
[17] *Id.*
[18] *Id.*
[19] *Id.* at 7.

3

Spring's role" in it, the District Court declined to dismiss Great American's claims against Clear Spring's reinsurers.[20]

Clear Spring's sole argument in opposition to Great American's Motion to Compel is that the requests are overbroad as the information sought is irrelevant to any claim or defense raised.[21] The District Court's denial of Clear Spring's second motion to dismiss confirms that this information is relevant to claims remaining at issue. Furthermore, in denying Clear Spring's motion to stay discovery, the District Court effectively rejected the argument that Great American's requests are overbroad, stating that "*unlike the overboard production requests* [in cases cited by Clear Spring], Great American is seeking to determine whether Clear Spring's reinsurance agreements are contracts of indemnity or liability" and "has stated . . . the specific documents it needs to be fully apprised of its claims against the reinsurers."[22] Great American's Motion to Compel must thus be granted relative to Great American's properly supported requests for production.

Turning to the Motion to Quash, Clear Spring asks the Court to quash deposition subpoenas and subpoenas duces tecum[23] served on Jeffrey Schaff and Joseph Marcantel, two non-party insurance executives associated with Talisman

---

[20] *Id.*
[21] R. Doc. 171.
[22] R. Doc. 215 at 9.
[23] R. Docs. 169-4–5.

4

Casualty Insurance Company, LLC ("Talisman"),[24] one of Clear Spring's reinsurers.[25] The subpoenas seek information about reinsurance agreements with Clear Spring.[26]

The District Court has emphasized that the deposition and document subpoenas "are particularly relevant, as they may help establish whether Clear Spring or the reinsurers are potentially liable or have a financial responsibility for Great American's claims."[27] Relying in part on its "previous familiarity with both Clear Spring and Talisman," the District Court also rejected Clear Spring's arguments that the commercial sensitivity of the information and the burden on the subpoena recipients constituted good cause for a stay of discovery.[28] The Court concluded that Great American requires "a complete understanding" of "the complete structure of Clear Spring's reinsurance agreements" to identify the "true party responsible for the policies' obligations.[29] Under these "unique circumstances" Great American's subpoenas cannot not be quashed.[30]

Still, the District Court directed the undersigned to review the scope of Great American's requested discovery.[31] Federal Rule of Civil Procedure 26(b)(1) directs that parties to litigation "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

---

[24] R. Doc. 215 at 5 n.4–5.
[25] R. Doc. 181-2.
[26] *Id.*
[27] R. Doc. 215 at 9–10.
[28] *Id.* at 2–3, 6–10 (quotation at 10).
[29] R. Doc. 216 at 6–7.
[30] R. Doc. 215 at 10
[31] *Id.*

case[.]" Great American has not shown that all of the subpoenas' requests fit within that scope.

### A. Subpoenas of Clear Spring

Great American's motion to compel addresses three categories of requests. First, Great American asks Clear Spring to produce "underwriting files, claims files, reinsurance files and all documents concerning" two marine insurance policies it issued to Gulf Inland.[32] Clear Spring, however, points out these are fleet policies that cover many more of Gulf Inland's vessels than the two Great American alleges were involved in the instant allision.[33] Great American has not explained how information as to coverage of any uninvolved vessels is relevant. Clear Spring must produce all documents relative to the policies generally and with reference to the allegedly involved vessels, but it may omit documents concerning only coverage of uninvolved vessels.

Second, Great American asks Clear Spring to produce "all documents, communication, electronic communications and e-mails, between Clear Spring concerning the policies issued to Gulf Inland and" several individuals or corporate entities.[34] The relevance of some of these individuals and entities is clear. But others are unknown to the Court, and Great American has not explained their relevance.

---

[32] R. Doc. 158-1 at 8.
[33] R. Docs. 171 at 4–5, 171-2.
[34] R. Doc. 158-1 at 9.

Great American has thus not shown that all of the documents sought are within the proper scope of discovery.

Clear Spring must produce, however, all documents and communications concerning the marine insurance policies at issue between Clear Spring and (1) Talisman Casualty Insurance Company, LLC, or any other Talisman entity or affiliate; (2) Jeffrey J. Schaff; (3) Joseph Marcantel; (4) Gulf/Inland Contractors, Inc.; and (5) Gulf Inland Contractors, Inc., but Clear Spring need not respond as to the remaining listed parties. The partial limitation of this request is without prejudice to Great American's right to reurge it with the proper support, if desired.

Third, Great American asks Clear Spring to produce:

r.  Any Managing General Agent Agreement between Clear Spring and any Talisman entity that was in place when The Policies were issued to Gulf/Inland Contractors Inc and/or Gulf Inland Contractors, Inc.

s.  Any document or communication containing the full name, address, syndicate number (if applicable), and percentage responsibility of all insurers and reinsurers for Marine Insurance Package Policy CSGICI2021110008-0010 with a policy term of 12:01 AM on 11/1/21 to 1201 AM on 11/1/22 and Marine Insurance Umbrella Policy CSGICI2021110011 with a policy term of 12:01 AM on 11/1/21 to 12:01 AM on 11/1/22 ("The Policies").

t.  All documents indicating the insurance and reinsurance for the claims against Gulf Inland in the litigations styled, "In re Gulf Inland Contractors, Inc., as owner and operator of the M/V BIG HORN &

>    BARGE CHELSEA A," pending in the USDC EDLa, C/A No. 22-02453.
>
> u. All claim and underwriting files and all reinsurance files, documents and information concerning all insurance for Gulf Inland for the period of 12:01 AM on 11/1/21 to 12:01 AM on 11/1/22.[35]

The Court has already rejected Great American's claim that it is entitled to discovery about all insurance coverage maintained by Gulf Island during the relevant time here. The remaining requests are not overbroad and fall within the scope of this case as explained by the District Court. Clear Spring must produce responses to requests r., s., and t. above, but it need not respond to request u.

### B. Third-Party Subpoenas

Great American seeks to depose Talisman-related insurance executives Schaff and Marcantel and asks them to produce several categories of documents relative to their and Talisman's connection to Clear Spring and the insuring or reinsuring of Gulf Inland.[36] Requests 1, 3, o., p., and q. mirror Great American's subpoenas of Clear Spring and responses thereto must be produced subject to the same limitations as to Clear Spring laid out above. Great American's remaining requests for document production from Schaff and Mercantel are vague and overbroad, and Clear Spring does not explain their relevance to any claim or defense. The Court will therefore deny them at this time, without prejudice to Great American's right to reassert those requests with the proper support. Given the amount of discovery compelled in this order and in the interest of ensuring that depositions proceed efficiently, the Court

---

[35] R. Doc. 158-1 at 10.
[36] R. Docs. 169-4–5.

will continue without date Great American's deposition subpoenas of Schaff and Marcentel, to be reset later should Great American show a continuing need therefor after review of the document production.

### III. Conclusion

Accordingly, for these reasons,

**IT IS ORDERED** that Great American's Motion to Compel (R. Doc. 158) is **GRANTED IN PART** and **DENIED IN PART** as set forth above and that Clear Spring must produce to Great American the ordered discovery no later than **January 3, 2024**.

**IT IS FURTHER ORDERED** Clear Spring's Motion to Quash (R. Doc. 181) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

New Orleans, Louisiana, this 19th day of December, 2024.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE